## Case No. 4,848.

FLAGG v. MANN et al.

[3 Sumn. 84.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1837.

[1] [Reported by Charles Sumner, Esq.]

STORY, Circuit Justice. I lay altogether out of the case the claims of Fuller, asserted in his petition. They are not such as could in this stage of the cause come before the

master. They constitute, indeed, an equitable claim, which is to be carried into effect, if at all, by an original bill by Fuller against Mann, in some competent court of equity. But Flagg has no connection with them, and if he had, they cannot be asserted under the present bill.

In regard to the exceptions filed by Mann, the first is well founded; and the error has been corrected without objection.

In regard to the second exception; as the conduct of Mann was unauthorized by Flagg, and the sale itself was a constructive fraud upon Flagg, I cannot perceive any ground, upon which the claim of five per cent. commissions on the sale, or any other commission, can be allowed to him. A trustee, doing an act in violation of his trust and duty, ought not, upon principle, to be allowed any thing for his services. They are not, in a just sense, beneficial acts; but must be treated as torts, injurious to the rights of the cestui que trust.

In regard to the third exception, I think the master's report right. It ascertains the sum correctly, for which Mann is responsible to Flagg, according to the intent of the original decree. The sale of Mann was, as I have stated, a wrongful act, and a constructive fraud. By it Flagg has been deprived of his entire right in the premises sued for. By the decree of the court, Flagg is compelled to receive the purchase money instead of the lands. Mann must be deemed liable to Flagg for the purchase money. Flagg has not, by his voluntary election, taken the obligations of the purchaser for the purchase money, or adopted the acts of Mann in the sale. If a man tortiously sells my property, without my consent, he is liable to me for the full value of it at the time of the sale, whether he ever receives a cent of the purchase money, or not.

But the master's report does not touch the point, what, upon the whole case, the final decree ought to be, supposing the report to be accepted. It seems to me, notwithstanding this liability of Mann to Flagg, the court ought not to enforce the rights of Flagg against him, until he has exhausted the other funds, which are within the reach of the court. Fuller is personally liable for the unpaid purchase money to an amount, exceeding the amount due to Flagg; and the land, purchased by Fuller, is subject to a lien for the purchase money. I think, therefore, that the final decree ought to be, that Fuller should be ordered to pay to Flagg so much of the unpaid purchase money as will extinguish Flagg's demand, if he is able to pay it. If he does not pay it within a time to be prescribed by the court, then the land, or so much as is necessary for the purpose, ought to be sold to pay the amount due to Flagg, under an order of the court. If, upon the sale, there is any deficiency, then Mann should be decreed personally to make up that deficiency, besides immediately paying to Flagg the sum of $537.50, admitted to have been received by him, and now in his hands, as part of the purchase money. The decree for the sale should also require Mann and Fuller to join in releasing their title to the land which should be so sold, in such manner and form as the master shall, and they should, direct. Both of them are to be perpetually enjoined against setting up any title thereto, after the sale shall have been made and confirmed by the court. Report accepted.

A further decretal order was passed for a sale of the premises, &c., &c., at the same term, as follows:

Saturday, 30th December. This cause coming on again to be heard before the Honorable Joseph Story, associate justice of the supreme court of the United States, and the Honorable John Davis, judge of the district aforesaid, in the presence of the counsel for the parties, upon the report of the master, Charles Sumner, Esq., to whom it was referred by a decretal order, heretofore made, at the last May term of the said court, to report upon the matters in the said decretal order mentioned, and the exceptions taken to the said report on behalf of the said Mann and Elisha Fuller, respectively, and for further directions: Upon reading the said decretal order and interlocutory decree heretofore made in the said cause, the said report, and the exceptions thereto, and upon debate of the matter, and hearing what was alleged by the counsel for the parties respectively, the said court doth think fit, and doth order and decree, that the exceptions aforesaid to the said report, except the first, which having been allowed and admitted by the parties, had been corrected, be, and the same are overruled, as wholly insufficient, and that the said report, and all the matters and things therein contained, do stand ratified and confirmed. And the said court doth declare, that there is due from the said Mann to the said Flagg, for a moiety of the purchase-money for which the moiety of the premises mentioned in the said interlocutory decree, were sold by the said Mann to the said Elisha Fuller, after deducting from such purchase-money, agreeably to the said interlocutory decree, one moiety of the several sums paid by the said Mann to Walker and Fisher, and the Frye heirs in the said interlocutory decree mentioned, for the purchase, assignment, and extinguishment of their interest, right, and title to the same premises, and all expenses incident thereto, the sum of twenty thousand five hundred and thirty-seven dollars and fifty cents, with legal interest thereon, at six per cent., to be calculated from the eighth day of August, in the year of our Lord eighteen hundred and thirty-one, the time of the said sale of the said Mann to said Elisha Fuller, until the same shall be fully paid and satisfied unto the said Flagg. And the said court doth further declare, that inas-

much as it appears that the said Mann, at the time of the said sale by him to the said Elisha Fuller, did receive from the said Elisha Fuller in cash and promissory notes, which were soon afterwards paid to the said Mann, with interest thereon until payment, as a part of the purchase-money upon the said sale, more than sufficient to reimburse to him, the said Mann, all the moneys paid by him to the said Walker and Fisher and the said Frye heirs, and the said incidental expenses; by the sum of one thousand and seventy-five dollars; the said Mann is liable to pay immediately to the said Flagg one moiety thereof, namely, the sum of five hundred and thirty-seven dollars and fifty cents, with interest, to be calculated thereon at six per cent., from the said eighth day of August, in the year last aforesaid, until the same shall be fully paid and satisfied to the said Flagg; the same being a part of the said sum of twenty thousand five hundred and thirty-seven dollars and fifty cents and interest. And the said court doth further declare, that, inasmuch as it appears that the said Elisha Fuller was liable for, and there was due from him to the said Mann, after the said Elisha Fuller had full notice of the claim and equity of the said Flagg in and to the said premises, as a part of the purchase money aforesaid unpaid, a sum exceeding the residue of the said sum of twenty thousand five hundred and thirty-seven dollars and fifty cents, and interest thereon, to be calculated as aforesaid, there was and is a lien upon the said moiety of the said premises for the purchase money unpaid as aforesaid, to the benefit whereof the said Flagg is entitled, so far as it may be necessary to secure the payment of the said residue, that is to say, the sum of twenty thousand dollars, and the interest thereon at six per cent., to be calculated from the said eighth day of August, in the year last aforesaid, until the same shall be paid and satisfied unto the said Flagg; and that the said Elisha Fuller, on account of the said unpaid purchase money, is liable to pay to the said Flagg so much thereof as may be necessary to satisfy unto the said Flagg the sum last mentioned, and interest to be calculated thereon as aforesaid. And the said court doth further declare, that in case the said Elisha Fuller shall fail to pay to the said Flagg the said sum last mentioned, with interest thereon, to be calculated as aforesaid from the said eighth day of August until payment thereof as aforesaid, within the time hereinafter mentioned, the said moiety of the said premises. or so much thereof as may be sufficient therefor, ought to be sold under the order and decree of this court; and the proceeds thereof, after deducting all incidental charges and expenses of such sale, applied towards the payment to the said Flagg of the said sum last mentioned, and interest, to be calculated thereon as aforesaid, before the said Mann shall be required to pay any part of the said last-mentioned sum and interest thereon as aforesaid; and in case the net proceeds of such sale shall be insufficient to pay and satisfy the said last-mentioned sum to the said Flagg, the said Mann ought thereupon to be required immediately to pay and satisfy unto the said Flagg such sum as may be wanting, to supply such deficiency; and the said court doth order and decree, that the said Elisha Fuller, on or before the first Wednesday of June next, do pay and satisfy unto the said Flagg so much of the said purchase-money unpaid as aforesaid, as will be sufficient to satisfy unto the said Flagg the said sum of twenty thousand dollars, and interest, to be calculated thereon as aforesaid, from the said eighth day of August, in the year of our Lord eighteen hundred and thirty-one, until payment as aforesaid; and that, if the said Fuller shall fail to pay the same sum and interest to the said Flagg on or before the said first Wednesday of June next, the said moiety of the said premises be sold thereupon, immediately, by one of the masters of this court, under the order and decree of this court, he giving due notice of such sale in one or more public newspapers, fourteen days at least before the day appointed for such sale,—and that the proceeds of such sale, after paying therefrom all incidental charges and expenses thereof, be applied towards the payment and satisfaction to the said Flagg of the said sum last-mentioned, and interest to be calculated thereon as aforesaid; and that the said Mann, Elisha Fuller, and all proper parties, as the master shall direct, do join in releasing all right, title, and interest in the said moiety of said premises, or so much thereof as may be sold as aforesaid, upon the confirmation of such sale by this court; and that they be enjoined thereupon, perpetually, against setting up any title or claim thereto. And the said court doth further order and decree, that, if the net proceeds of such sale shall be insufficient to pay and satisfy to the said Flagg the said sum last-mentioned, and the interest thereon, to be calculated as aforesaid, the said Mann do, within thirty days immediately after the confirmation of such sale, pay and satisfy to the said Flagg such sum as shall be then wanting to supply such deficiency. And the said court doth further order and decree, that the said Mann, within thirty days from the date of this decree, do pay and satisfy unto the said Flagg the said sum of five hundred and thirty-seven dollars and fifty cents, and interest thereon, to be calculated from the said eighth day of August, in the year aforesaid, until payment thereof. And all further orders and decrees in the premises are reserved for the further order of the court.

The object of postponing the sale to so late a period was to avoid the disadvantages

of a sale arising from the extreme pressure and the commercial embarrassment of the times; and to bring the whole matter before the court during its next term, if any exigencies should require any variation or alteration of the decree.